## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LEO RAY SHIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-01365-JSD |
| | ) | |
| CHERYL YOUNG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On March 16, 2023, the Court ordered plaintiff Leo Ray Shivers to file an amended complaint within thirty days. (Docket No. 5). More than thirty days have elapsed, and plaintiff has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Washington County Jail in Potosi, Missouri. On December 21, 2022, he filed a civil action under 42 U.S.C. § 1983, naming Records Officers Cheryl Young and E. Moore as defendants. (Docket No. 1). The complaint contained allegations that plaintiff had been held in custody beyond the maximum release dates of his sentences, in violation of his constitutional rights.

Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 3). On March 16, 2023, the Court granted the motion and assessed an initial partial filing fee. (Docket No. 5). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was deficient and subject to dismissal. Specifically, plaintiff had failed to establish

either defendant's personal responsibility for violating his constitutional rights, as he presented no facts showing that the calculation of his sentence was improper or violated the constitution.

Rather than dismissing outright, the Court ordered plaintiff to file an amended complaint within thirty days. The Court directed the Clerk of Court to send plaintiff a copy of the Court's prisoner civil rights complaint form, and also provided instructions on how to properly amend. Plaintiff was advised that his failure to comply with the Court's order would result in the dismissal of this case without prejudice and without further notice.

### Discussion

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law").

Pursuant to Rule 41(b), if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Court may also dismiss an action under Rule 41(b) on its own motion. *See Brown*, 806 F.2d at 803 (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A

district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

In this case, as discussed above, plaintiff was ordered to file an amended complaint on March 16, 2023. He was given thirty days in which to comply, and warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice. The amended complaint was due on or before April 15, 2023. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff substantially more than thirty days in which to submit a response. Despite being given additional time, plaintiff has not filed an amended complaint, nor sought an extension of time in which to do so.

Because plaintiff has not complied with the Court's March 16, 2023 order to submit an amended complaint, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of March 16, 2023. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of May , 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE